IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANTHONY HENRY                                                                                      PLAINTIFF
ADC # 140754

V.                                    CASE NO. 1:14-CV-00071 DPM/BD

KANE SPICER                                                                                         DEFENDANT

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District D.P. Marshall Jr.  Any party may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.     Discussion:**

   A.     Background

Plaintiff Anthony Henry filed this lawsuit pro se alleging that Defendants Spicer and Sterling violated his constitutional rights while he was housed at the Grimes Unit of the Arkansas Department of Corrections ("ADC").  (Docket entries #2, #6)  After screening the initial and amended complaints, the Court determined that Mr. Henry had

stated an equal protection claim against Defendant Spicer. All other claims were dismissed. (#7)

Defendant Spicer has now moved for summary judgment on Mr. Henry's equal protection claim. (#19, #20, #21) Based on the evidence presented, the Court must recommend that Defendant Spicer's motion (#19) be GRANTED, and that Mr. Henry's claim be DISMISSED, with prejudice.

B.  Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the *nonmoving* party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Here, the moving party is Mr. Spicer; the nonmoving party is Mr. Henry.

As the moving party, Defendant Spicer bears the initial burden of demonstrating that there is no genuine dispute of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. If he meets this burden, Mr. Henry must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If he does not come forward with enough evidence to establish a necessary element of his claim, the Defendants are entitled to judgment as a matter of law on that claim. *Celotex Corp.,* 447 U.S. at 322–23, 106 S.Ct. at 2552.

C.  Equal Protection Claim

According to Defendant Spicer, at approximately 11:48 p.m. on March 12, 2014, after lights-out, he observed Mr. Henry throw something at Corporal Sterling. (#20, Ex. 1) Corporal Sterling later identified the object as a bar of soap. (#20, Ex. 1) Based on Defendant Spicer's observation, Mr. Henry was charged with rule violations and issued a major disciplinary. (#20, Ex. 1 & 2) Later, prison officials determined that Mr. Henry had not thrown the soap, but rather, that another inmate had. (#20, Ex. 3, p.5) Both Mr. Henry and the inmate who actually threw the soap are African-American. (#20, Ex. 3, p.5) Because of the charge, however, Mr. Henry spent time in administrative segregation for an offense that he did not commit.

Mr. Henry claims that he was discriminated against based on his race. He recounts that he and other inmates were in the same area after lights-out when someone threw the soap. He argues that there was no way that Defendant Spicer, who was at the top of the control booth, could have seen who threw the object. (#4, p.22) Mr. Henry alleges that Defendant Spicer picked him out of the group and falsely accused him of throwing the soap based on his race. (#4, p.22) Defendant Spicer, of course, disputes this accusation. (#20, Ex. 1)

"The heart of an equal protection claim is that similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir .1990)). The question here is whether

there is any evidence to support Mr. Henry's claim that he was singled out because of his race.

In his deposition Mr. Henry identified five inmates who were standing around the bunk where he was lying down after lights-out that night.  (#20, Ex. 3, p. 5)  According to Mr. Henry, three of the inmates were black, and two were white.  (#20, Ex. 3, p. 5)  In his deposition, he testified:

> I just can't understand why else would he [Spicer] pick me out of the crowd.  That's why I said that [his false identification was racially motivated].  That's why I felt like that it was racially – I was racially discriminated against, you know.

(#20, Ex.3, p. 10)

"Proof of discriminatory racial purpose is required to establish an equal protection violation; an official act is not unconstitutional solely because it has a racially disproportionate impact." *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987).  Here, Mr. Henry has not come forward with any evidence of Defendant Spicer's "discriminatory racial purpose" in charging him with a disciplinary infraction beyond his belief that it must have been because of his race.  (#20, Ex. 3, p. 10)

Based on this record, there is simply insufficient evidence to support a claim of racial discrimination.  Accordingly, Defendant Spicer is entitled to judgment as a matter of law on this claim.

## III. <u>Conclusion:</u>

Based on the undisputed evidence, the Court recommends that Defendant Spicer's motion for summary judgment (#19) be GRANTED and that Mr. Henry's equal protection claim be DISMISSED, with prejudice.

DATED this 30th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE